UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DORIS BESTMAN,<br><br>  *Plaintiff*,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY et al.,<br><br>  *Defendants*. | Civil Action No. 20-564 (TJK) |

## MEMORANDUM OPINION

Plaintiff, a citizen of Nigeria, brought this case in February 2020, seeking to challenge the U.S. Citizenship and Immigration Service's handling of two applications for employment authorization she submitted in August 2018 and March 2019. As the case progressed, its contours changed: the Court dismissed some of her claims, USCIS denied other applications she also filed in March 2019, Plaintiff administratively appealed some of the agency's decisions, and she amended her complaint. As best the Court can tell, what remains are her challenges to (1) the agency's decision to deny the I-140 national-interest waiver application she submitted in March 2019; (2) its decision to deny on timeliness grounds her I-765 employment-authorization application she submitted in August 2018; and (3) its rejection of her appeal of the former decision in May 2024. Defendants now move to dismiss her claims for lack of jurisdiction and, although it is not altogether clear, to dismiss the denial of her appeal for failure to state a claim. Ultimately, the Court agrees with Defendants that her remaining claims must be dismissed. The agency's denial of the applications was discretionary, so the Court cannot review those decisions. And its rejection of Plaintiff's appeal for disregarding express filing deadlines was not arbitrary or capricious, so she has failed to state a claim on that score. So the Court will grant Defendants' motion and

dismiss the case.

**I.       Background**

   **A.       Factual and Legal Background**

According to the operative complaint, Plaintiff is a citizen of Nigeria who came to the United States in 2005. ECF No. 40 ("Am. Compl.") ¶ 12. She entered on an H-4 visa that was later changed to an F-1 visa, which allows foreign international students to study here full-time. *Id.*; *see* 8 U.S.C. § 1101(a)(15)(F)(i). While here, Plaintiff earned a bachelor's and master's degree in business administration, followed by a Ph.D. in administration of justice. Am. Compl. ¶ 12. Foreign nationals on F-1 student visas can complement their classroom studies with a limited period of post-coursework Optional Practical Training ("OPT"), which they must complete within a 14-month period after their studies. *See* 8 C.F.R. § 214.2(f)(10)(ii)(A)(3). Plaintiff wanted to do just that and, in August 2018, filed an I-765 Application for Employment Authorization. Am. Compl. ¶ 21. But she failed to include the required filing fee, so on August 15, 2018, the United States Citizenship and Immigration Services ("USCIS") returned the application to her. Am. Compl. ¶ 24; ECF No. 40-1 at 2; *see* 8 C.F.R. § 214.2(f)(11)(i)(A).

On August 29, 2018, Plaintiff refiled her form, but USCIS ultimately denied that one because it was late. Am. Compl. ¶¶ 25, 26; ECF No. 40-1 at 6–7. Among other things, an applicant must file the I-765 form "within 30 days of the date" the university's Designated School Official ("DSO") enters the OPT recommendation into the Student and Exchange Visitor Information System ("SEVIS"). 8 C.F.R. § 214.2(f)(11)(i)(B)(2). Thus, in this case, Plaintiff had to file her form within 30 days of July 28, 2018; apparently, the DSO did not update her SEVIS record after her initial application was rejected. *See* Am. Compl. ¶ 26; ECF No. 40-1 at 6; ECF No. 45 at 4. For these reasons, on January 15, 2019, USCIS denied her application as untimely. Am. Compl. ¶ 26; ECF No. 40-1 at 6. Then Plaintiff, through counsel, filed a motion for reconsideration (Form I-

290B) but submitted it to the wrong facility. Am. Compl. ¶ 28; ECF No. 40-1 at 9. Plaintiff resubmitted the form on March 6, 2019, but USCIS also rejected it as untimely because it was filed 50 days after the denial decision (roughly three weeks too late). Am Compl. ¶¶ 30–31; ECF No. 40-1 at 37; *see* 8 C.F.R. § 103.5(a)(1)(i); *id.* § 103.8(a).

In March 2019, while Plaintiff was challenging the denial of her August 2018 I-765 application, she filed three new applications: an I-140 Immigrant Petition for Alien Worker, an I-485 Application to Register Permanent Residence or Adjust Status, and another I-765 Application for Employment Authorization. Am. Compl. ¶ 32. Filing an I-140 application is the first step for noncitizen workers with "advanced degrees" or "exceptional abilit[ies]" to establish their eligibility for permanent legal residency in the United States—*i.e.*, a green card. 8 U.S.C. § 1153(b)(2)(A). If the applicant has no job offer from a U.S. employer, as was true for Plaintiff, she must show that granting her a visa would be "in the national interest." *Id.* § 1153(b)(2)(B)(i). Once the USCIS approves the I-140 petition, the individual may then apply to adjust her immigration status to that of a lawful permanent resident by filing an I-485 application. 8 U.S.C. § 1255(a). She can also file the I-485 application concurrently with her I-140 application, but USCIS cannot approve the former unless it also approves the latter. *See id.* (noting that a status adjustment may be granted only if "the alien is eligible to receive an immigrant visa"). A noncitizen worker may also file an I-765 employment authorization application while her I-485 application is pending— like Plaintiff did here. *See* 8 C.F.R. § 274a.12(c)(9). If the I-765 application is approved, the noncitizen worker receives an employment authorization document ("EAD") that is valid for a "specific period" of time, *id.* § 274a.13(b), and ordinarily terminates at the end of that period unless a renewal application is filed, *id.* §§ 274a.14(a)(1)(i), 274a.13(d)(1), (3). But USCIS may revoke an EAD before its expiration date if it denies the I-485 application on which it is based. *See id.*

3

§ 274a.14(b)(1)(i).

USCIS approved Plaintiff's March 2019 I-765 application while her I-485 and underlying I-140 applications were pending. ECF No. 46-3 at 2. It also approved a renewed I-765 application after the first one expired. ECF No. 46-4 at 2. All in all, Plaintiff had a valid EAD from May 13, 2020, to September 12, 2023. *Id.*; *see also* ECF No. 46-3 at 2. But on April 20, 2022, USCIS denied Plaintiff's I-140 visa application. Am. Compl. ¶ 92; *see* ECF No. 40-1 at 64. Among other things, USCIS acknowledged that Plaintiff's "proposed endeavor of providing education and research ha[d] substantial merit" but explained that she failed to show that it was also "of national importance." ECF No. 46-1 at 10. Plaintiff moved to reopen or reconsider the decision, but USCIS denied the motion on October 20, 2023, for failing to "meet applicable requirements," like "stat[ing] new facts" or offering "documentary evidence demonstrating eligibility for the requested benefit." ECF No. 40-1 at 50; *see* Am. Compl. ¶ 94.

Unhappy with that result, in November 2023, Plaintiff appealed the October 2023 denial. *See* ECF No. 40-1 at 52–65; Am. Compl. ¶ 92. But USCIS rejected her appeal "because it was untimely filed." ECF No. 40-1 at 70. Specifically, although she mailed her paperwork on November 20, it was not received by the Administrative Appeals Office ("AAO") until November 27, 2023. ECF No. 40-1 at 67, 70. As the AAO explained in rejecting her appeal, an "unfavorable decision" must be "appeal[ed] . . . within 33 days" if it was mailed to the applicant, yet it took her 38 days to do so. *Id.* at 70; Am. Compl. ¶ 99. In the meantime, USCIS denied her I-485 application because it had denied her underlying I-140 application. ECF No. 34; ECF No. 46-2 at 4. And although USCIS had previously approved two I-765 applications while the I-485 application was pending, it then denied another I-765 application because the I-485 denial meant she was no longer eligible to receive employment authorization. ECF No. 46-5 at 2.

4

### B.     Procedural History

In February 2020, Plaintiff sued the Department of Homeland Security, USCIS, the Department of Justice, and several agency officials under the Administrative Procedure Act, 5 U.S.C. § 706(1), and the Mandamus Act, 28 U.S.C. § 1361, challenging both the denial of her I-765 application submitted in August 2018 and USCIS's failure to act on her second I-765 application submitted in March 2019. ECF No. 1 ("Compl.") ¶¶ 33-34, 48–81. Defendants moved to dismiss, arguing that Plaintiff's claims were moot because Defendants had approved her August 2019 application. *See* ECF No. 17 at 7–9. The Court granted the motion in part, dismissing Plaintiff's claims insofar as they were directed at Defendants' treatment of her March 2019 application. *See* Minute Order of February 17, 2021. But the Court left open whether further relief might be available on the claims related to Plaintiff's August 2018 application. *Id.* It also dismissed Plaintiff's remaining mandamus claims for lack of subject-matter jurisdiction. *Id.*

Upon the parties' joint motion, the Court stayed the case pending USCIS's adjudication of Plaintiff's I-140 and I-485 applications. *See* ECF No. 30; Minute Order of September 24, 2021. In April and May 2022, USCIS denied both applications, and the Court lifted the stay. *See* ECF No. 34; Minute Order of June 27, 2022. Defendants then moved for summary judgment, but Plaintiff represented she would challenge the denial of her I-140, so the Court reimposed the stay pending "final adjudication" of her application. *See* Minute Order of March 14, 2023.

In July 2024, after USCIS denied Plaintiff's motion to reconsider the denial of her I-140, and the Administrative Appeals Office ("AAO") rejected her appeal of that decision, the Court lifted the stay. *See* ECF No. 38; Minute Order of July 31, 2024. Plaintiff then amended her complaint, adding an allegation that USCIS "wrongly denied" her I-140 application and erroneously rejected as untimely her appeal of the October 2023 decision denying her motion for

5

reconsideration, Am. Compl. ¶¶ 83–112. She seeks an order directing Defendants "to review her [I-140] application on the merits" and to "determine it was timely filed." *Id.* ¶ 112.

Defendants now move to dismiss, arguing that USCIS's denial of Plaintiff's I-140 application is a discretionary decision that is immune from judicial review. *See* ECF No. 42 at 4-6. As for the appeal of that decision, Defendants at times seem to suggest that the Court lacks jurisdiction as well, but at other times appear to argue that Plaintiff has failed to state a claim that the agency acted arbitrarily and capriciously under the APA in rejecting her untimely appeal of that decision. *Id.* at 6; ECF No. 45 at 7–8. Moreover, to the extent Plaintiff continues to challenge the denial of her I-765 application, Defendants argue that the Court lacks jurisdiction to review that denial too. ECF No. 45 at 5–6.

## II. Legal Standards

To survive a Rule 12(b)(1) motion to dismiss, a plaintiff must establish the Court's subject-matter jurisdiction. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015). The Court "assume[s] the truth of all material factual allegations in the complaint and 'construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged,' . . . and upon such facts determine[s] jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Without subject-matter jurisdiction over a claim, the Court must dismiss it. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though "a court must accept as true all of the allegations contained in a complaint," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

6

suffice." *Id.* Rather, a claim is "plausible when it contains factual allegations that, if proved, would 'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1129 (D.C. Cir. 2015) (alteration in original) (quoting *Twombly*, 550 U.S. at 556). And the court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997).

**III.    Analysis**

    **A.    The Court Lacks Jurisdiction to Review the Denial of Plaintiff's I-140 and I-765 Applications**

The APA bars review of any action "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Dovetailing with that statute's jurisdictional limitation, the INA also contains a jurisdiction-stripping provision. *See* 8 U.S.C. § 1252(a)(2)(B). It provides that "no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified . . . to be in the[ir respective] discretion," other than the decision whether to grant asylum. 8 U.S.C. § 1252(a)(2)(B)(ii). Put simply, both the APA and INA divest courts of "jurisdiction over discretionary agency action," including those of USCIS. *Beshir v. Holder*, 10 F. Supp. 3d 165, 171 (D.D.C. 2014). Agency action is committed to its "discretion by law" when "the relevant statute [or regulation] is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion" and "there is [thus] no 'law to apply.'" *Kondapally v. USCIS*, 557 F. Supp. 3d 10, 25 (D.D.C. 2021) (first quoting *Dept of Commerce v. New York*, 588 U.S. 752, 772 (2019), then quoting *Heckler v. Chaney*, 470 U.S. 821, 834 (1985)).

7

USCIS's decision to deny Plaintiff's I-140 national-interest-waiver application is just that. *See* ECF No. 46-1 at 4 (concluding Plaintiff "is not eligible for . . . a national interest waiver as a matter of discretion"); *Zhu v. Gonzales*, 411 F.3d 292, 295 (D.C. Cir. 2005) (affirming that district court lacked jurisdiction to review USCIS's denial of national interest waiver). Section § 1153 provides that "the Attorney General *may*" waive the job requirement when he "*deems* it to be in the national interest." 8 U.S.C. § 1153(2)(B)(i) (emphases added). Congress's use of "discretion-conveying language"—namely, "may" and "deems"—makes clear the discretionary nature of that decision. *Mohammad v. Napolitano*, 680 F. Supp. 2d 1, 6 (D.D.C. 2009) (concluding court lacked jurisdiction to review USCIS's decision to revoke I-140 petition). First, use of the term "deem" means determining whether a waiver is in the national interest "calls upon" the Attorney General's "expertise and judgment unfettered by any statutory standard whatsoever." *Zhu*, 411 F.3d at 295. And second, even if a waiver is deemed to serve the national interest, the Attorney General "may"—not "must"—grant the petition. *Id.* The text thus provides no "standards by which a court [could] assess the merits of a denial," *Kondapally*, 557 F. Supp. 3d at 26, and suggests that "[t]hat the Attorney General has complete discretion" in this area, *Zhu*, 411 F.3d at 295; *cf. Mohammad*, 680 F. Supp. 2d at 6 (explaining that "Congress's use of the terms 'may,' 'at any time,'" and "'deems' infers discretion" (citing cases)). Other courts agree with that conclusion. *See, e.g.*, *C & S Mfg., Inc. v. Napolitano*, No. 9-cv-653 (RFK), 2010 WL 571797, at *4 (E.D. Pa. Feb. 18, 2010) (concluding USCIS's "decision to either grant or deny an I-140 petition is . . . a discretionary determination" not subject to judicial review); *Bathazi v. DHS*, 667 F. Supp. 2d 1375, 1377 (S.D. Fla. 2009) (same).[1]

---

[1] Plaintiff does not appear to challenge the denial of the I-485 application she submitted at the same time as the I-140 petition. But the Court lacks jurisdiction to review that decision too.

The Court likewise cannot review USCIS's decision to deny on timeliness grounds the I-765 application that Plaintiff submitted in March 2018. "[C]ourts have routinely held that approving or denying [that] application . . . and deciding whether to extend the EAD period . . . are decisions committed to USCIS's discretion and outside the purview of judicial review." *Kondapally*, 557 F. Supp. 3d at 26 (citing cases). And for good reason: USCIS regulations are clear on that point: "[t]he approval" or denial "of applications [for employment authorization] . . . are within the discretion of USCIS." 8 C.F.R. § 274a.13(a)(1).[2]

Plaintiff does not meaningfully contest this mountain of authority. To the extent she suggests that Defendants cannot "raise[]" the jurisdictional bar "for the first time[] after 4 years," ECF No. 44 at 4, that is wrong. Lack of subject-matter jurisdiction is not one of those "raise-it-or-waive-it" defenses. *See* Fed. R. Civ. P. 12(g)(2), (h)(1). Indeed, courts have an "independent" and ongoing "obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphases added)). Besides, Defendants could not have argued that the Court lacked jurisdiction to review USCIS's denial of Plaintiff's I-140 application in any previous motion because Plaintiff only recently amended her complaint to challenge that decision. *See* ECF No. 40.

---

*See* 8 U.S.C. § 1255(a) (providing that the Attorney General "may . . . in his discretion" grant status adjustment).

[2] In addition, Plaintiff does not explain why the challenge to the denial of her March 2018 I-765 application is not moot. As noted, USCIS *approved* the I-765 applications she filed later and permitted her to work while the I-140 and I-485 applications were pending. And the denial of Plaintiff's 2018 I-765 application had nothing to do with USCIS's decision to deny her I-140 or I-485 applications. *See* ECF No. 46-2 at 4 (rejecting I-485 application because the "[u]nderlying I-140 petition has been denied"); ECF No. 46-1 at (denying I-140 for failing to establish "that it would be beneficial to the United States" to grant "a national interest waiver").

9

### B. Plaintiff Has Failed to State a Claim that USCIS's Denial of Her Appeal Was Arbitrary and Capricious

Although Plaintiff's amended complaint is no model of clarity, she also appears to allege that USCIS acted arbitrarily and capriciously when it rejected her appeal of the agency's October 2023 decision denying her motion to reconsider the denial of her I-140 application. Am. Compl. ¶¶ 94–112; *see also* ECF No. 44 at 5–6. Defendants say that claim has no legs, although they also appear to question the Court's jurisdiction to review the decision. *Compare* ECF No. 42 at 6 *with* ECF No. 45 at 7–8. But the Court has a hard time seeing what is discretionary about the rejection of the appeal—unlike the denial of the underlying I-140 application—such that it would lack jurisdiction. *See* 8 C.F.R. § 103.3(a)(2)(v)(B)(1) ("An appeal which is not filed within the time allowed *must* be rejected as improperly filed." (emphasis added)); *see also Statewide Bonding, Inc. v. DHS*, 422 F. Supp. 3d 35, 40 (D.D.C. 2019) (holding that "AAO's rejection of Plaintiff's appeal as untimely was not 'arbitrary and capricious'" and dismissing claim). Plaintiff, however, has failed to state a claim under the APA. Far from being "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), USCIS "articulate[d] a satisfactory explanation for" denying Plaintiff's appeal "that is supported by the" relevant regulations, *Motor Vehicle Mfr. Ass'n v. State Farm Mut.*, 463 U.S. 29, 43–44 (1983).

USCIS denied Plaintiff's I-140 application in April 2022 and her motion for reconsideration related to it on October 20, 2023. Am. Compl. ¶¶ 92, 94; *see* ECF No. 40-1 at 49–50, 64. In the latter, USCIS explained that Plaintiff had 33 days from the date of the decision—until November 22—to appeal to the AAO. ECF No. 40-1 at 65; *see* 8 C.F.R. §§ 103.3(a)(2)(i), 103.8(b). Plaintiff mailed her appeal on November 20. ECF No. 40-1 at 67. But the timeliness of an appeal is measured not by the date it is mailed but by the date the agency receives it. *See* 8 C.F.R. § 103.2(a)(7)(i); *id.* § 1.2 (for meaning of "day); *see* AAO Practice Manual § 3.7(c)(2). Indeed,

10

the regulations are "unambiguous" on that score. *Statewide Bonding, Inc.*, 980 F.3d at 116. Plaintiff's appeal appears to have been "delivered" somewhere on November 24 and "received at the designated filing location on November 27, 2023, which [wa]s 38 days after the decision." Am. Compl. ¶¶ 96, 100; ECF No. 40-1 at 68, 70.[3] So USCIS rejected it as untimely. Am. Compl. ¶¶ 99; ECF No. 40-1 at 70. And simply put, rejecting an appeal for failing to comply with mandatory regulatory requirements is anything but arbitrary and capricious.

    Plaintiff's response is once again muddled. First, she appears to contend that the Court must "accept . . . as true" her allegation that her appeal was timely. ECF No. 44 at 5; *see* Am. Compl. ¶¶ 99–104. Not so. The Court must, and does, accept that she mailed her appeal on November 20, that it was "delivered" on November 24, and that USCIS "received" it at the proper location on November 27. Am. Compl. ¶¶ 95–96; 100. Defendants do not dispute any of that. *See* ECF No. 45 at 8. But that her appeal was timely based on those facts is a legal argument; there is nothing for the Court to accept as true. *Cf. Dove v. Educap, Inc.*, 15-cv-2274 (CKK), 2016 WL 3951059, at *2 (D.D.C. July 20, 2016).

    Next, Plaintiff argues that "any delay was caused by events and actions of others beyond [her] control," which "she should not be punished for." ECF No. 44 at 5–6. And to be sure, USCIS regulations do contain such a safety valve for untimely motions to reconsider or to reopen. In that context, a delayed filing "may be excused in the [agency's] discretion" if the applicant "demonstrate[s] that the delay was reasonable" and "beyond [her] control." 8 C.F.R. § 103.5(a)(1)(i). But the problem for Plaintiff is that she did not file a motion for reconsideration—she appealed—so

---

[3] Even if November 24 were the relevant date for measuring the timeliness of her appeal, it would still be late. November 22, "the last day of the period computed," does not "fall[] on a Saturday, Sunday, or a legal holiday" such that the "period [would] run until the end of the next day" (let alone any day beyond that). 8 C.F.R. § 1.2.

11

this exception does not apply. *See* ECF 40-1 at 59. In any event, the decision whether to excuse an untimely motion to reconsider or reopen "l[ies] entirely within" USCIS's "discretion," so the Court would "lack[] jurisdiction to review it." *Grewal v. USCIS*, No. 8-cv-1439 (GLL), 2009 WL 4061523, at *5 n.8 (W.D. Pa. Nov. 23, 2009), *aff'd*, 409 F. App'x 598 (3d Cir. 2011); *see, e.g.*, *Awah v. Holder*, No. 9-cv-1732 (RWT), 2010 WL 2572848, at *3–4 (D. Md. June 23, 2010) (citing cases).

Finally, Plaintiff makes a hodgepodge of other confusing arguments that get her nowhere. She argues that "an applicant's failure to maintain lawful immigration status or a violation of nonimmigrant status may be excused" if "'the applicant's failure to maintain status was through no fault of his or her own or for technical reasons.' INA 245(c)(2) and INA 245(c)(8)." ECF No. 44 at 5. But the Court does not perceive how the statutory bar to adjustment of status—and the "no fault" or "technical reasons" exceptions—is relevant here. *See* 8 C.F.R. § 245.1(a), (d)(2). Plaintiff's application to adjust her status (her I-485 application) was not denied because she failed to maintain lawful status but because her underlying I-140 application was denied. *See* ECF No. 46-2 at 4. Plaintiff also argues that "Defendants' unreasonable delay in notifying [her] of the missed deadline was arbitrary and capricious." ECF No. 44 at 4. That argument appears to harken back to her allegations that USCIS mailed its notice of rejection of her I-140 appeal "six months after the receipt of the I-290B Notice" after Plaintiff "patiently awaited what should be a positive decision in her favor." Am. Compl. ¶¶ 97–98. But Plaintiff does not identify any requirement that USCIS act faster than that, explain how she was prejudiced by the alleged delay, or say what the Court should do if it agreed that the agency took too long. The point of unreasonable-delay claims in the immigration context is to get an agency to act; but USCIS did act—and not in an arbitrary or capricious way.

## IV. Conclusion

For all these reasons, the Court will grant Defendants' motion and dismiss the case. A separate order will issue.

/s/ Timothy J. Kelly<br>
TIMOTHY J. KELLY<br>
United States District Judge

Date: January 31, 2025